**VULCAN POWER COMPANY,**
Petitioner,

v.

**BONNEVILLE POWER
ADMINISTRATION,**
Respondent,

California Energy Company, Inc.; C.E.
Newberry, Inc., Respondents–
Intervenors.

No. 94–70748.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 11, 1996.*

Memorandum Feb. 26, 1996.

Decided July 16, 1996.

Joseph B. Richards, Luvaas, Cobb, Richards & Fraser, Eugene, Oregon, for petitioner Vulcan Power Company.

Harvard P. Spigal, Preston Michie and Joyce E. Patton, Bonneville Power Administration, Portland, Oregon; Thomas C. Lee, Assistant United States Attorney, Portland, Oregon, for respondent Bonneville Power Administration.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App.P. 34(a) and Ninth Cir.R. 34–4.

**550**

Stephen L. Griffith and William H. Holmes, Stoel, Rives, Boley, Jones & Grey, Portland, Oregon, for respondents-intervenors California Energy and C.E. Newberry.

Before: JOHN T. NOONAN, Jr., LEAVY and HAWKINS, Circuit Judges.

PER CURIAM.

Vulcan Power Company, an unsuccessful bidder for a federal Geothermal Pilot Project at the Newberry Crater in Oregon (the "Project"), appeals two final decisions of the respondent, Bonneville Power Administration ("Bonneville"). On September 15, 1994, Bonneville decided not to reopen the Project selection and affirmed its initial decision not to select Vulcan. Bonneville's second decision, dated September 16, 1994 was to execute a Power Purchase Agreement with the successful bidder, intervenor C.E. Newberry, Inc. ("Newberry"), a subsidiary of intervenor California Energy Company, Inc. ("Energy"). We AFFIRM both final decisions.

## FACTS

In July 1991 Bonneville published a solicitation for Project bids. On December 17, 1991 Bonneville selected Newberry over Vulcan to develop the Newberry Crater Project site and on December 18 notified Vulcan of that decision. In August 1994, following a decision by the U.S. District Court (D.Oregon) awarding Vulcan geothermal lease interests (the "Waters Leases") related to the Project, Vulcan requested Bonneville to reconsider its Project award. After considering submissions from Vulcan and Newberry, Bonneville issued its September 15 and 16, 1994 decisions.

## JURISDICTION AND STANDARD OF REVIEW

Pursuant to the Pacific Northwest Electric Power Planning and Conservation Act of 1980 (the "Northwest Power Act"), 16 U.S.C. § 839f(e)(1)–(3) & (5), this court reviews Bonneville final actions, including resource acquisitions, by the standards of the Administrative Procedure Act, 5 U.S.C. § 706. A final action may be set aside only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A), *Utility Reform Project v. Bonneville Power Administration*, 869 F.2d 437, 442 (9th Cir.1989). This court is "not to substitute its judgment for that of the agency," especially where "the challenged decision implicates substantial agency expertise." *Northwest Resource Info. Ctr. v. Northwest Power Planning Council*, 35 F.3d 1371, 1383 (9th Cir.1994), *cert. denied, Pacific Northwest Generating Co-op. v. Northwest Power Planning Council*, —— U.S. ——, 116 S.Ct. 50, 133 L.Ed.2d 15 (1995).

## DISCUSSION

Bonneville is a federal power marketing agency established by the Bonneville Project Act of 1937, 16 U.S.C. § 832 *et seq.* (the "Bonneville Act"). Under the Northwest Power Act Bonneville may acquire rights to electric resources, including experimental projects. 16 U.S.C. § 839d(d). Both acts contain provisions relevant to contracting for the acquisition of resources, including 16 U.S.C. § 832a(f) (Bonneville Act) and 16 U.S.C. § 839d(i) and 16 U.S.C. § 839f(a) (Northwest Power Act). Bonneville reasonably interprets these provisions to show that they do not require Bonneville to have considered price to be the only or dispositive factor in selecting a Project developer. Bonneville's interpretation that 40 U.S.C. § 474(d)(20) exempts it from compliance with federal procurement laws in the selection process is also reasonable. We defer to Bonneville's interpretation in this case. *Aluminum Co. of America v. Central Lincoln Peoples' Util. Dist.*, 467 U.S. 380, 389–90, 104 S.Ct. 2472, 2479–80, 81 L.Ed.2d 301 (1984).

Bonneville's decisions as to which geothermal units are better suited to the Project and which bidders have the requisite substantial control over their sites, are the kinds of decisions requiring administrative expertise for which this court should not substitute its own judgment. *Northwest Resource*, 35 F.3d at 1383. Bonneville consid-

ered whether Vulcan and Newberry had substantial control of their respective proposed sites in both the initial selection and in the September 15 decision. Bonneville weighed each site's suitability for operation as a geothermal unit and factored in any effects of the Waters Leases dispute. On reconsideration Bonneville took a month and a half to consider maps and extensive submissions from Vulcan and Newberry as well as the factors underlying Bonneville's own initial decision. This review process and its summation in the September 15 decision indicate that the "evidence before the agency provided a rational and ample basis for its decision." *Northwest Motorcycle Ass'n. v. U.S. Dept. of Agriculture,* 18 F.3d 1468, 1471 (9th Cir.1994).

Bonneville properly upheld Newberry's receipt of the Project after Vulcan alleged that Bonneville had been misinformed as to Bureau of Land Management ("Bureau") policy regarding forced joinder of lease interests to create geothermal units. Bonneville agreed with the Bureau's assertion of regulatory authority to force joinder, 43 C.F.R. § 3280.0–2. There is no evidence in the record to support a finding that Bonneville's reliance on clear regulatory authorization of another agency's policy was arbitrary or capricious or an abuse of discretion.

Portions of the September 15 and September 16 decisions which discuss the process leading to Newberry's selection are identical. Neither decision was arbitrary, capricious or an abuse of discretion.

Accordingly, we AFFIRM the September 15, 1994 and September 16, 1994 Bonneville decisions.